# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEAMFITTERS LOCAL UNION NO. 420 WELFARE FUND, STEAMFITTERS LOCAL UNION NO. 420 PENSION FUND, STEAMFITTERS LOCAL UNION NO. 420 SUPPLEMENTAL RETIREMENT FUND, STEAMFITTERS LOCAL UNION NO. 420 VACATION FUND, STEAMFITTERS LOCAL UNION NO. 420 APPRENTICESHIP TRAINING FUND, SCHOLARSHIP FUND OF STEAMFITTERS LOCAL UNION NO. 420 and LOCAL UNION NO. 420 PIPING INDUSTRY POLITICAL AND EDUCATION FUND<br>7700 Lindbergh Boulevard<br>Philadelphia, PA  19153<br><br>and<br><br>MECHANICAL CONTRACTORS ASSOCIATION OF EASTERN PENNSYLVANIA, INC. INDUSTRY FUND and JACK H. JAMES<br>1601 Market Street, Suite 550<br>Philadelphia, PA  19103<br><br>and<br><br>LOCAL UNION NO. 420 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA and JOSEPH RAFFERTY<br>6630 Lindbergh Boulevard<br>Philadelphia, PA 19142<br><br>                     Plaintiffs<br><br>   v. | CIVIL ACTION NO. |

101934-1

| | |
|---|---|
| STERLING MECHANICAL CORPORATION | : |
| 30 W. Eagle Road (Rear) | : |
| Havertown, PA 19083 | : |
| | : |
| Defendant | : |

# COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132 and 1145.

2.   A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3.   Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§185(a) or 1132(e)(2).

## PARTIES

4.   Plaintiffs Steamfitters Local Union No. 420 Welfare Fund, Steamfitters Local No. 420 Pension Fund, Steamfitters Local No. 420 Supplemental Retirement Fund, Steamfitters Local Union No. 420 Vacation Fund, Steamfitters Local Union No. 420 Apprenticeship Training Fund and the Scholarship Fund of Steamfitters Local Union No. 420 (respectively "Welfare Fund," "Pension Fund," "Annuity Fund," "Vacation Fund," "Apprenticeship Fund" and "Scholarship Fund") are trust funds established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

5.   Plaintiff Mechanical Contractors Association of Eastern Pennsylvania, Inc. Industry Fund ("Industry Fund") is a trust fund established by the Mechanical Contractors

Association of Eastern Pennsylvania, Inc. for the purpose of fostering and advancing the interests of mechanical contractors in the eastern Pennsylvania region.

6. Plaintiff Local Union No. 420 Piping Industry Political and Education Fund ("PIPE Fund") is an unincorporated association established pursuant to 2 U.S.C. §431 et seq. for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

7. Plaintiff Local Union No. 420 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("Union") is an unincorporated association commonly referred to as a labor union, and is an employee organization that represents, for purposes of collective bargaining, employees of Defendant Sterling Mechanical Corporation who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

8. Plaintiff Joseph Rafferty ("Rafferty") is a trustee and fiduciary with respect to the Welfare Fund, Pension Fund, Annuity Fund, Vacation Fund, Apprenticeship Fund and Scholarship Fund within the meaning of 29 U.S.C. §1002(21) with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the Welfare Fund, Pension Fund, Annuity Fund, Vacation Fund, Apprenticeship Fund and Scholarship Fund. Rafferty is Chairman of the PAC and Business Manager of the Union and is authorized to bring this action on behalf of the PAC and the Union.

9. Plaintiff Jack H. James ("James") is the Executive Vice President of the Mechanical Contractors Association of Eastern Pennsylvania, Inc. and with respect to its

Industry Fund is authorized to bring this action on behalf of the Industry Fund. James maintains a business address as listed in the caption.

10. The Welfare Fund, Pension Fund, Annuity Fund, Vacation Fund, Apprenticeship Fund, Scholarship Fund (jointly, "Funds"), Industry Fund and PAC (jointly, "Associations") and the Union (collectively the Funds, Associations and Union together with Rafferty and James are "Plaintiffs") maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

11. Defendant Sterling Mechanical Corporation ("Company") is a Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

12. At all times relevant to this action, the Company was party to a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract").

13. The Company also signed or agreed to abide by the terms of agreements and declarations of trust of the Funds ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

14. Under the Labor Contract or Trust Agreements, the Company agreed:

(a) To make full and timely payments on a monthly basis to the Funds, Associations and Union as required by the Labor Contracts;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

(c)   To produce, upon request by the Funds individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds, Associations and Union; and

(d)   To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds, Associations and Union to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

### COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### FUNDS, UNION AND ASSOCIATIONS

### v.

### COMPANY

15.   The allegations of Paragraphs 1 through 14 are incorporated by reference as if fully restated.

16.   The Company has failed to pay amounts due under the Labor Contract or Trust Agreements in at least the sum of $64,238.67 based upon information presently available to the Plaintiffs.

17.   The Company has not paid Plaintiffs as required by the Labor Contract or Trust Agreements.

WHEREFORE, Plaintiffs ask that the Court:

(1)   Enter judgment against the Company in favor of Plaintiffs individually for at least the sum of $64,238.67 plus any additional amounts revealed by an audit of the Company's records together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor

Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

## FUNDS

## v.

## COMPANY

18. The allegations of Paragraph 1 through 14 are incorporated by reference as if fully restated.

19. The Company has failed to pay contributions to the Funds in at least the sum of $64,238.67 based upon information presently available to the Plaintiffs in violation of 29 U.S.C. §1145.

20. The Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Funds individually for the contributions in at least the amount of $64,238.67 plus any additional amounts revealed by an audit of the Company's records together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

## FUNDS

## v.

## COMPANY

21.     The allegations of Paragraphs 1 through 14 are incorporated by reference as if fully restated.

22.     The Company is obligated to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds, Union and Associations.

23.     The amount of contributions the Company is required to pay to the Funds, Union and Associations is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

24.     The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

25.     Computation of the precise amounts of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

26.     An audit of the Company's books and records has not been performed and the Company has not submitted all required remittance reports.

27.     The Company is required by the Labor Contract, Trust Agreements or applicable law to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds, Union and Associations.

28. The Plaintiffs have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires and audit.

29. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Funds ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

## FUNDS, UNION AND ASSOCIATIONS

v.

## COMPANY

30. The allegations of Paragraphs 1 through 14 and 22 through 29 are incorporated by reference as if fully restated.

31. On information and belief, the Company has failed to make contributions to the Funds, Union and Associations as required by its Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

32. On information and belief, the Funds, Union and Associations have been damaged by the failure of the Company to make contributions as required by its Labor Contract or Trust Agreements.

WHEREFORE, Plaintiffs ask that the Court:

(1) After an audit, enter judgment in favor of the Funds, Union and Associations individually for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### FUNDS

### v.

### COMPANY

33. The allegations of Paragraphs 1 through 14 and 22 through 29 are incorporated by reference as if fully restated.

34. On information and belief, the Company has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

35. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Company.

36. On information and belief, the Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

WHEREFORE, Plaintiffs ask that the Court:

(1)     After an audit, enter judgment against the Company in favor of the Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s) and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

> Respectfully submitted,
>
> JENNINGS SIGMOND, P.C.
>
>
> BY:_____
> SANFORD G. ROSENTHAL (ID.NO. 38991)
> The Penn Mutual Towers, 16th Floor
> 510 Walnut Street, Independence Square
> Philadelphia, PA 19106-3683
> (215) 351-0611
>
> Attorney for Plaintiffs

Date:_____
     Philadelphia, Pennsylvania

101934-1                                    10