IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEAMFITTERS LOCAL UNION NO. 420 WELFARE FUND, et al. | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| STERLING MECHANICAL CORPORATION | : | |
| Defendant | : | NO. 02-4726 |

**MOTION FOR JUDGMENT BY DEFAULT BY THE COURT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)
AGAINST DEFENDANT STERLING MECHANICAL CORPORATION**

Plaintiffs, Steamfitters Local Union No. 420 Welfare Fund, Steamfitters Local Union No. 420 Pension Fund, Steamfitters Local Union No. 420 Supplemental Retirement Fund, Steamfitters Local Union No. 420 Vacation Fund, Steamfitters Local Union No. 420 Apprenticeship Training Fund, Scholarship Fund of Steamfitters Local Union No. 420, Local Union No. 420 Piping Industry Political and Education Fund, Mechanical Contractors Association of Eastern Pennsylvania, Inc. Industry Fund (respectively "Welfare Fund," "Pension Fund," "Annuity Fund," "Vacation Fund," "Apprenticeship Fund," "Scholarship Fund," "PIPE Fund," and "Industry Fund" and jointly "Funds"), Local Union No. 420 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Union"), Joseph Rafferty and Jack H. James ("Rafferty," "James" and together with Funds and Union, "Plaintiffs"), by their legal counsel, respectfully move this Court, pursuant to Fed. R. Civ. Pro. 55(b)(2) to enter judgment in favor of the Fund and against Defendant, Sterling Mechanical Corporation ("Company" or "Defendant"), for unpaid contributions, contractual liquidated damages, interest and attorneys' fees and costs due and owing to the Fund by Defendant pursuant to 29 U.S.C. §§1132(g)(2)(A)-(D).

104574-1

In support of this Motion, the Fund relies upon the allegations in the Complaint, the Declaration of Amount Due and the Declaration of Sanford G. Rosenthal. The grounds for this Motion are as follows:

1. Prior to the commencement of this action, the Fund attempted to resolve this delinquency in an amicable manner.

2. The requested payments were not received and on or about July 18, 2002 the Complaint in this matter was filed. The Complaint was served on Company on August 2, 2002 as appears from the Return of Service that has been filed with the Court.

3. No Answer to the Complaint was filed, and contemporaneously with this Motion Plaintiffs have filed a Request to Clerk to Enter a Default pursuant to Fed.R.Civ. Pro 55(a) and mailed a copy, first class mail, postage prepaid, to the Company.

4. The Company is neither an infant nor an incompetent person or in the military service.

**WHEREFORE**, Plaintiffs seek the following relief:

(a) Judgment entered as set out in the proposed Order and Judgment attached to this Motion.

                        Respectfully submitted,

                        JENNINGS SIGMOND, P.C.

BY:   s/SANFORD G. ROSENTHAL
        SANFORD G. ROSENTHAL (ID NO. 38991)
        The Penn Mutual Towers, 16th Floor
        510 Walnut Street
        Philadelphia, PA 19106-3683
        (215) 351-0611
        Attorney for Plaintiffs

DATE: September 25, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEAMFITTERS LOCAL UNION NO. 420 WELFARE FUND, et al. | : : : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : : | |
| STERLING MECHANICAL CORPORATION | : : | |
| Defendant | : | NO. 02-4726 |

**DECLARATION OF AMOUNT DUE UPON
<u>APPLICATION FOR DEFAULT</u>**

SANFORD G. ROSENTHAL, Esquire, being duly sworn according to law, deposes and says that he is the attorney for Plaintiffs in the above-entitled action; that he has read the Complaint filed in this action and knows the contents thereof, and the same is true and there is now due by Defendant Sterling Mechanical Corporation to Plaintiff on the debt set forth in the Complaint the sum of $40,184.96 broken down as follows:

| | |
|---|---|
| Contributions (3/01 to 8/02) | $28,820.07 |
| Liquidated Damages (8/01 to 8/02)[1] | 7,105.12 |
| Interest through September 20, 2002 pursuant to 29 U.S.C. §1132 (g)(2)(B) | 1,101.50 |
| Attorneys' Fees and Costs to September 20, 2002 (Exhibit 1) | <u>3,158.27</u> |
| **TOTAL** | **$40,184.96** |

Defendant is in default for failure to appear in this action, and Defendant is not an infant

---

[1] The liquidated damage amount includes outstanding liquidated damages on contributions that were paid, but paid long after their contractual due date.

104574-1

or incompetent person and not in the military service, as appears in the attached Declaration.

          I declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief

Executed on:  September 25, 2002      s/SANFORD G. ROSENTHAL
                                             SANFORD G. ROSENTHAL, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEAMFITTERS LOCAL UNION NO. 420 WELFARE FUND, et al. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| v. | : | |
| STERLING MECHANICAL CORPORATION | : | |
| Defendant | : | NO. 02-4726 |

### DECLARATION OF SANFORD G. ROSENTHAL

**SANFORD G. ROSENTHAL**, Esquire, being duly sworn according to law, deposes and says that he is the attorney for the Plaintiffs in this matter; that he is authorized to make this Declaration on their behalf; and that Defendant owes to Plaintiffs the sum of $40,184.96. This includes contributions of $28,820.07 and liquidated damages in the amount of $7,105.12 on unpaid contributions and previously late paid contributions. In addition, Defendant owes interest in the amount of $1,101.50 under 29 U.S.C. §1132 (g)(2)(B). Defendant also owes attorney's fees and costs in the amount of $3,158.27 (Exhibit 1) . The attorney's fees represent a fair and reasonable charge for the service of declarant's law firm in connection with the collection of the unpaid contributions in this matter and are customarily charged to other clients of the law firm in similar cases.

                              I declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief

Executed on: __September 25, 2002     s/SANFORD G. ROSENTHAL_____
                                                  SANFORD G. ROSENTHAL, ESQUIRE

104574-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEAMFITTERS LOCAL UNION NO. 420 WELFARE FUND, et al. | : : : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : : | |
| STERLING MECHANICAL CORPORATION | : : | |
| Defendant | : | NO.  02-4726 |

### DECLARATION OF FAILURE TO PLEAD OR OTHERWISE DEFEND IN SUPPORT OF <u>APPLICATION FOR ENTRY OF JUDGMENT</u>

**SANFORD G. ROSENTHAL**, Esquire, declares:

1. He is the authorized agent of the Plaintiffs and the attorney of record in this matter, and has personal knowledge of the facts set forth in this Declaration.

2. Examination of the Court files and records in this case shows that service of the within Complaint was made upon the Defendant on August 2, 2002.

3. More than twenty (20) days have elapsed since the date on which the service was made with a Summons and a copy of a Complaint, excluding the date thereof.

4. Defendant has failed to answer or otherwise respond or defend as to Plaintiffs' Complaint, or serve a copy of any answer or other defense which it might have had.

5. Defendant is not an infant or incompetent person or in the military service.

6. This Declaration is executed in accordance with Rules 55(a) and 55(b) of the Federal Rules of Civil Procedure for the purpose of enabling the Plaintiffs to obtain an entry of default judgment against Defendant, for its failure to answer or otherwise defend as to the

104574-1

Plaintiffs' Complaint.

>I declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief

Executed on:  September 25, 2002      s/SANFORD G. ROSENTHAL
                                     SANFORD G. ROSENTHAL, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEAMFITTERS LOCAL UNION NO. 420 WELFARE FUND, et al. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| STERLING MECHANICAL CORPORATION | : | |
| | : | |
| Defendant | : | NO. 02-4726 |

**ORDER AND JUDGMENT BY DEFAULT AGAINST**
**DEFENDANT STERLING MECHANICAL CORPORATION**

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs Steamfitters Local Union No. 420 Welfare Fund, Steamfitters Local Union No. 420 Pension Fund, Steamfitters Local Union No. 420 Supplemental Retirement Fund, Steamfitters Local Union No. 420 Vacation Fund, Steamfitters Local Union No. 420 Apprenticeship Training Fund, Scholarship Fund of Steamfitters Local Union No. 420, Local Union No. 420 Piping Industry Political and Education Fund, Mechanical Contractors Association of Eastern Pennsylvania, Inc. Industry Fund (respectively "Welfare Fund," "Pension Fund," "Annuity Fund," "Vacation Fund," "Apprenticeship Fund," "Scholarship Fund," "PIPE Fund," and "Industry Fund" and jointly "Funds"), Local Union No. 420 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Union"), Joseph Rafferty and Jack H. James ("Rafferty," "James" and together with Funds and Union, "Plaintiffs"), it appears to the Court that Defendant Sterling Mechanical Corporation ("Company" or "Defendant") was served with process on August 2, 2002 and has inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and default against the Company having been entered, it is **ORDERED**:

104574-1

1. Judgment is entered against Company and in favor of the Fund for $40,184.96 including:

(a) Unpaid contributions for March 2001 to August 2002 in the amount of Twenty-Eight Thousand Eight Hundred Twenty Dollars and Seven Cents ($28,820.07) and liquidated damages for the period of August 2001 through August 2002 in the amount of Seven Thousand One Hundred Five Dollars and Twelve Cents ($7,105.12) under 29 U.S.C. 1132(g)(2)(A) and 185(a).

(b) Interest accrued to September 20, 2002 on the contribution amount set forth in Paragraph 1(a) as provided by 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 26 U.S.C. §6621 in the amount of One Thousand One Hundred One Dollars and Fifty Cents ($1,101.50). The contribution amount set forth in Paragraph 1(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B), and (C)(i) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

(c) Attorneys' fees and costs incurred by the Fund in this matter in the amount of Three Thousand One Hundred Fifty-Eight Dollars and Twenty-Seven Cents ($3,158.27) incurred through September 20, 2002 in accordance with 29 U.S.C. §1132 (g)(2)(D).

2. Within fifteen (15) days from the date of this Order, Defendant shall submit to the Funds any and all overdue remittance reports and contributions addressed to Gerald Diviny, Administrator, Steamfitters Local 420 Funds, 7700 Lindbergh Blvd., Philadelphia, PA 19153

3. Defendant shall make available to the designated representative of the Funds, within fifteen (15) days of request by the Funds or their agents, all payroll books and related records of Defendant necessary for the Funds to ascertain the precise amount of delinquent

contributions due and owing for the period from March 2001 to and including the date of the audit.

  4.  The Funds, within a reasonable time after completion of the inspection of the payroll books and records and the receipt of overdue remittance reports, shall file with the Court and serve upon Defendant an itemized and verified list of all additional contributions, interest liquidated damages, audit costs and attorneys' fees, costs and expenses the Funds claim they are owed by the Defendant.  Absent objection within five (5) business days of service upon the Defendant, the Court shall enter final judgment in favor of the Funds and against Defendant, as requested in the filed statement.  In the event of an objection, the Court will determine the need for a further hearing.

  5.  The Funds are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment.  See, Free v. Briody, 793 F.2d 807 (7th Cir. 1986).

  6.  Company, its owners, officers, agents, servant, attorneys, and all persons acting on its behalf or in conjunction with it shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance report with accompanying contributions for all periods on or after September 1, 2002 for which Company is obligated to do so under its collective bargaining agreement(s).

  7.  This Order and Judgment is enforceable, without duplication, by one or more of the Plaintiffs, jointly and severally, or their agents.

                  BY THE COURT

Date: _____    _____
  Philadelphia, Pennsylvania    PETRESE B. TUCKER    J.

**CERTIFICATE OF SERVICE**

I, SANFORD G. ROSENTHAL, ESQUIRE, state, under penalty of perjury, that the foregoing Motion for Judgment by Default by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant Sterling Mechanical Corporation was served by mailing same first class mail, postage prepaid on the date listed below:

> Sterling Mechanical Corporation
> 30 W. Eagle Road
> Havertown, PA  19083

Date:   September 25, 2002               s/SANFORD G. ROSENTHAL
                                         SANFORD G. ROSENTHAL, ESQUIRE

THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE FOR VIEWING AND DOWNLOADING FROM THE ECF SYSTEM

104574-1